IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**
June 11, 2025 05:51 PM
SX-2022-MC-00054
TAMARA CHARLES
CLERK OF THE COURT

# IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| IN RE ASBESTOS, SILICA and CATALYST DUST CLAIMS V (Secondary) | MASTER CASE NO: SX-22-MC-054 (Complex Litigation Division) <br><br> (Re: 92 Individual Cases[1]) |

## Cite as: 2025 VI Super 17P (Published)

**Appearances:**
**J. Russell Pate, Esq.**
The Pate Law Firm
PO Box 890
St. Thomas, VI 00804
*For Plaintiffs*

**Warren T. Burns, Esq., Korey A. Nelson, Esq., Daniel H. Charest, Esq., Rick Yelton, Esq., and Chase Charbonnet, Esq.**
Burns Charest, LLP
900 Jackson Street, Ste. 500
Dallas, TX 75202
*For Plaintiffs*

**Arthur Murray Esq., Stephen Murray, Esq.**
The Murray Law Firm
Hancock Whitney Center
*701 Poydras Street, Ste. 4250*
New Orleans, LA 70139
*For Plaintiffs*

**Ryan Stutzman, Esq.**
CSA Associates, P.C.
1138 King Street, Ste. 100
Christiansted, VI 00820

---

[1] This Opinion addresses 92 individual cases, grouped under the above-captioned master case, for which Virgin Islands Industrial Maintenance Corporation seeks dismissal in its Motion for Judgment on the Pleadings. The cases are reflected in Court Exhibit 1, attached to this opinion.

*For Defendant Virgin Islands Industrial Maintenance Corporation*

**Matthew R. Thibodeau, Esq.**
800 Londsdale Building.
302 West Superior St.
Duluth, MN 55802
*For Defendant Virgin Islands Industrial Maintenance Corporation*

## MEMORANDUM OPINION
### (Filed June 11, 2025)

**Andrews, Jr.,** *Judge*

### INTRODUCTION

¶1 Plaintiffs, relatives of former workers at Hess Oil Virgin Islands Corporation Refinery ("Refinery") in St. Croix, bring this action for damages against Virgin Islands Industrial Management Corporation (IMC), a refinery contractor. They allege IMC negligently exposed their relatives to toxic substances which they transported home on their clothing. Plaintiffs claim they inhaled the substances which caused them to suffer from pneumoconiosis, a lung disease. IMC seeks dismissal of Plaintiffs' claims on the grounds that they failed to properly effect service of process upon it.[2] Plaintiffs respond that any defect in serving process was harmless and the Court should grant them an extension to effect proper service. For the reasons mentioned herein the Court grants IMC's request as

---

[2] IMC also seeks dismissal based on the statute of limitations. The Court does not address that issue in this opinion since it concludes dismissal for lack of proper service is warranted.

Plaintiffs have failed to show good cause for not effecting proper service and no justifiable reason exists to grant a discretionary extension.

## PRELIMINARY MATTERS

¶2    IMC's motion for judgment on the pleadings clearly seeks dismissal of 172 cases listed on its Exhibits J, K, M.[3] Mot. for J. on the Pleadings 18 – 19 (contending that 97 cases in Ex. J and 71 cases in Ex. K, should be dismissed and 4 more in Ex. M suffer from the same deficiencies). Some of the cases listed on the exhibits are grouped under the instant master. Others are grouped under different master cases (i.e., SX-2022-MC-007 and SX-2022-MC-053). At a hearing held on May 5, 2025, counsel for IMC clarified that it is not seeking to dismiss cases other than those under the instant master and ASC IV. Accordingly, this opinion addresses only the ninety-two (92) cases on IMC's exhibits grouped under the instant master case. See Ct.'s Ex. 1. IMC's motion, to the extent that it challenges other cases (grouped under other master cases), is thus considered stricken.

_____

3 The Court notes that IMC stated in its initial Motion that "the instant brief concerns only those cases that the Court assigned to ASC IV and V as of December 6, 2024. If new cases are assigned and the facts and arguments fit, VIIMC will supplement the motion to dismiss." Mot. for J. on the Pleadings 1 at n 1. However, at the May 5, 2025 hearing, it stated that its motion applied to all cases under the ASC IV and V master cases. The Court thus construes IMC's motion as challenging all cases referenced in its exhibits grouped under SX-053 (ASC IV) or SX-054 (ASC V) as of the date of the hearing.

¶3    Further, pursuant to Plaintiffs' notices of voluntary dismissal, five cases grouped under the instant master have been dismissed (i.e., 22-290, 22-511, 22-551, 22-553 and 22-555). Ct.'s Ex. 1 at 1; Exs. J, K; See SX-2022-CV-290, 03/05/25, CMS # 10; SX-2022-CV-511, 04/30/25, CMS # 10; SX-2022-CV-551, 04/3025, CMS # 10; SX-2022-CV-553, 04/30/25, CMS # 10; SX-2022-CV-555, 04/30/25, CMS # 10.   The Court will thus deny IMC's motion relative to those cases as moot.   Based on these preliminary rulings, the remaining portion of this opinion addresses seventy-six (76) of the cases listed on IMC's Exs. J, K and M. See Ct.'s Ex. 1 at 2 - 4.

## FACTUAL BACKGROUND

¶4    Between May and August 2022, Plaintiffs filed sixty-eight (68) individual complaints against IMC. See Ct.'s Ex. 1 at 1 - 3; IMC's Ex. J.   The court clerk signed, sealed, and issued summons, on or before August 17, 2022, for all of the complaints. See Ct.'s Ex. 1 at 2 - 3.   On September 29, 2022, Plaintiffs' counsel served copies of the sixty-eight (68) complaints (via thumb drive) on Todd Newman, Esquire, of the Dudley Newman and Fuerzeig law firm in St. Croix, Virgin Islands.[4] Mot. for J. on the Pleadings 18; Ex. J.   IMC's official

---

[4] Counsel actually served ninety-seven complaints on Attorney Newman. Twenty-Eight of them are grouped under master case SX-2022-MC-053 and are addressed in a separate opinion.   One (22-396) is grouped under master case SX-2022-007.

agent for service-of-process is George H. Logan, Esq. of the same law firm.[5] Id.; Ex. L. Along with the complaints, Plaintiffs' counsel served a single summons captioned [Clinton A. Henry (and 96 others, See Ex. A) vs. Virgin Island Industrial Maintenance Corp] containing counsel's electronic signature under the name of the court clerk as reflected below. Id.; Ex. J.

---

**SUMMONS**

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CRIOX**

| | |
|---|---|
| Clinton A. Henry (and 96 others, See *Exhibit A*)<br><br>*Plaintiffs*,<br><br>vs.<br><br>Virgin Islands Industrial Maintenance Corp.,<br><br>*Defendant*, | Civil No. SX-2022-CV-114, 151, 181, 182<br>283-286, 289-294, 296-298, 302-303, 305-351,<br>354-357, 359, 361-365, 367-371, 373-376, 381,<br>383-396<br><br>Complex Litigation Division<br><br>Action for Damages<br><br>JURY TRIAL DEMAND |

To:      **Todd H. Newman, Esq.**, *agent for* Virgin Islands Industrial Maintenance Corp.
Address:   Dudley, Newman & Feuerzeig, LLP
           1131 King Street, Christiansted, V.I. 00820

Within the time limited by law you (see note below) you are hereby required to appear before this Court and answer to a complaint filed against you in this action. In case of your failure to appear or answer, a judgment by default will be taken against you as demanded in the complaint.

This **29th** day of **September** 2022.       **Tamara Charles**
                                        **Clerk of the Court**

*/s/ Korey A. Nelson, Esq.*
Korey A. Nelson, Esq.
H. Richard Yelton, Esq.
BURNS CHAREST LLP
365 Canal Street, Suite 1170
New Orleans, LA 70130
Telephone: (504) 799-2845
Facsimile: (504) 881-1765
knelson@burnscharest.com
ryelton@burnscharest.com
jsoyka@burnscharest.com

*/s/ J. Russell B. Pate, Esq.*
J. RUSSELL B. PATE, ESQ.
The Pate Law Firm (V.I. Bar No: 1124)
P.O. Box 370, Christiansted, USVI 00821
Office: (340) 777-PATE (7283)
Fax: (888) 889-1132
Pate@SunLawVI.com | SunLawVI@gmail.com

NOTE: The defendant, if served personally, is required to file his answer or other defense with the Clerk of the Court and to serve a copy thereof upon the plaintiff's attorney, within **twenty-one (21) days** after service of this summons. See, **V.I. R. Civ. Pro 12(a)(1)(A)**. The defendant, if served by publication or by personal service outside of the jurisdiction, is required to file his answer or other defense with the Clerk of this Court, and to serve a copy thereof upon the attorney for the plaintiff, within **thirty (30) days** after completion of the period of publication or personal service outside the jurisdiction. See, **TITLE 5 V.I.C. § 112 AND V.I. R. CIV. PRO 12(A)(1)(B) AND TITLE 5 V.I.C. § 4911**.

---

¶5     This summons did not bear the Clerk's signature nor the Court's seal and

---

[5] At the May 5, 2025 hearing, counsel for Plaintiffs stated he did not doubt that George Hunter Logan is the resident agent for IMC as reflected in IMC's Ex, L.

was not filed with the Court. Plaintiffs' Exhibit A, attached to the summons, consisted a list of 97 complaints filed with the Court (sixty-eight of which are grouped under the instant master case). See Mot. for J. on the Pleadings; Ex. J; Ct.'s Ex. 1 at 1 - 3. No affidavit nor other proof of service was filed with the Court. See CMS for Cases Listed on Ct.'s Ex. 1. On October 31, 2022, this Court grouped all of the 68 cases under the instant master. Order Opening Master Case, 10/31/22, CMS # 1.

¶6    Between October and November 2022, Plaintiffs filed twenty (20) individual complaints against IMC. See Ct.'s Ex. 1 at 3 - 4; IMC's Ex. K. The court clerk signed, sealed, and issued summons, on or before November 21, 2022, for each of the complaints. See Ct.'s Ex. 1 at 3 - 4. On January 10, 2023, Plaintiffs' counsel served copies of the twenty complaints on Attorney Newman via a thumb drive.[6] Mot. for J. on the Pleadings 18; Ex. K. Along therewith, counsel served a single summons captioned [Janice George (and 68 others, See Exhibit A) v. Virgin Islands Industrial Maintenance Corp.] containing counsel's electronic signature under the name of Court's Clerk. Id.; Ex. K as shown below.

---

[6] Counsel actually served seventy-one (71) complaints on Attorney Newman. Forty-Eight (48) of them are grouped under master case SX-2022-MC-053 and are addressed in a separate opinion. Three (3) of them are grouped under master case SX-2022-MC-007.



**SUMMONS**

IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| Janice George (and 68 others, See *Exhibit A*) | Civil No. SX-2022-CV-465, 466, 471, 506-514, 517-520, 522-547, 549-567, 569-571, 573-575, 577-578 & 582 |
| *Plaintiffs*, | |
| vs. | Complex Litigation Division |
| Virgin Islands Industrial Maintenance Corp., | Action for Damages |
| *Defendant*, | JURY TRIAL DEMAND |

To: Todd H. Newman, Esq., *agent for* Virgin Islands Industrial Maintenance Corp.
Address: Dudley, Newman & Feuerzeig, LLP
1131 King Street, Christiansted, V.I. 00820

Within the time limited by law you (see note below) you are hereby required to appear before this Court and answer to a complaint filed against you in this action. In case of your failure to appear or answer, a judgment by default will be taken against you as demanded in the complaint.

This 10th day of January 2023.      Tamara Charles
                                    Clerk of the Court

*s/ Korey A. Nelson, Esq.*
Korey A. Nelson, Esq.
H. Richard Yelton, Esq.
BURNS CHAREST LLP
365 Canal Street, Suite 1170
New Orleans, LA 70130
Telephone: (504) 799-2845
Facsimile: (504) 881-1765
knelson@burnscharest.com
ryelton@burnscharest.com
jsnyka@burnscharest.com

*s/ J. Russell B. Pate, Esq.*
J. Russell B. Pate, Esq.
The Pate Law Firm (V.I. Bar No: 1124)
P.O. Box 370, Christiansted, USVI 00821
Office: (340) 777-PATE (7283)
Fax: (888) 889-1132
Pate@SunLawVI.com | SunLawVI@gmail.com

NOTE: The defendant, if served personally, is required to file his answer or other defense with the Clerk of the Court and to serve a copy thereof upon the plaintiff's attorney, within twenty-one (21) days after service of this summons. See, V.I. R. Civ. Pro 12(a)(1)(A). The defendant, if served by publication or by personal service outside of the jurisdiction, is required to file his answer or other defense with the Clerk of this Court, and to serve a copy thereof upon the attorney for the plaintiff, within thirty (30) days after completion of the period of publication or personal service outside the jurisdiction. See, TITLE 5 V.I.C. § 112 AND V.I. R. CIV. PRO 12(A)(1)(B) AND TITLE 5 V.I.C. § 4911.

¶7    This summons did not bear the Clerk's signature nor the Court's seal and was not filed with the Court. Plaintiffs' Exhibit A, attached to the summons, consisted of a list of 71 complaints filed with the Court (twenty of which are grouped under the instant master case). See Mot. for J. on the Pleadings; Ex. J; Ct.'s Ex. 1 at 1, 4. No affidavit nor other proof of service was filed with the Court. See CMS for Cases Listed on Ct.'s Ex. 1 at 1, 4. On October 31, 2022, this Court grouped one of the two of the cases (i.e., 22-465 and 22-466) under the instant master. Order Opening Master Case, 10/31/22, CMS # 1. On January 9, 2023, the Court added 17 of the 20 cases to the instant master. Order Amending Schedule of Cases, 01/09/23, CMS # 9. One more case (i.e., 22-564) was added to the instant master on February 27, 2025. Second Order Amending Schedule of

Cases, 03/05/25, CMS # 104.

¶8    Between November 10, 2022 and April 11, 2023, the Court stayed proceedings under the instant master case and extended time for IMC to file its answers. Order Granting Extension Of Time to Answer and Stay of Litig. for 90 days, 11/10/22, CMS # 6 SX-2022-MC-054; Order Granting Extension and Stay for 60 days, 02/21/23, CMS # 17 SX-2022-MC-054.

¶9    On August 9th and 10th, 2022, Plaintiffs filed four (4) individual complaints against IMC. See Ct.'s Ex. 1 at 4; IMC's Ex. M.   The court clerk signed, sealed, and issued summons, by August 10, 2022, for all of the complaints. See Ct.'s Ex. 1 at 4.   On December 30, 2024, Plaintiffs' counsel served copies of the four complaints on Attorney Newman via a thumb drive. Mot. for J. on the Pleadings 19; Ex. M.   Along therewith, counsel served a single summons captioned [Joan Clarke Jacqueline Romer, Kirt Pascal, and Maria Johnson vs. Virgin Islands Industrial Maintenance Corp.] containing counsel's electronic signature under the name of Court's Clerk. Id.; Ex. M as shown below.

# SUMMONS

## IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
### DIVISION OF ST. CRIOX

|  |  |
|---|---|
| Joan Clarke, Jacqueline Romer, Kirt Pascal, and Maria Johnson,<br>*Plaintiffs,*<br>vs.<br>Virgin Islands Industrial Maintenance Corp.,<br>*Defendant,* | Civil No. SX-2022-CV-352, 353, 358, 372<br><br>Complex Litigation Division<br>Action for Damages<br>**JURY TRIAL DEMAND** |

**To:** Todd H. Newman, Esq., *agent for* Virgin Islands Industrial Maintenance Corp.
**Address:** Dudley, Newman & Feuerzeig, LLP
1131 King Street, Christiansted, V.I. 00820

Within the time limited by law you (see **note** below) you are hereby required to appear before this Court and answer to a complaint filed against you in this action. In case of your failure to appear or answer, a judgment by default will be taken against you as demanded in the complaint.

This **30th** day of **December** 2024.

**Tamara Charles**
**Clerk of the Court**

*/s/ Korey A. Nelson, Esq.*
Korey A. Nelson, Esq.
H. Richard Yelton, Esq.
BURNS CHAREST LLP
365 Canal Street, Suite 1170
New Orleans, LA 70130
Telephone: (504) 799-2845
Facsimile: (504) 881-1765
knelson@burnscharest.com
ryelton@burnscharest.com
isovka@burnscharest.com

*/s/ J. Russell B. Pate, Esq.*
J. RUSSELL B. PATE, ESQ.
The Pate Law Firm (V.I. Bar No: 1124)
P.O. Box 370, Christiansted, USVI 00821
Office: (340) 777-PATE (7283)
Fax: (888) 889-1132
Pate@SunLawVI.com | SunLawVI@gmail.com

**NOTE:** The defendant, **if served personally,** is required to file his answer or other defense with the Clerk of the Court and to serve a copy thereof upon the plaintiff's attorney, within **twenty-one (21) days** after service of this summons. See, **V.I. R. Civ. Pro 12(a)(1)(A).** The defendant, if served by publication or by personal service outside of the jurisdiction, is required to file his answer or other defense with the Clerk of this Court, and to serve a copy thereof upon the attorney for the plaintiff, within **thirty (30) days** after completion of the period of publication or personal service outside the jurisdiction. See, TITLE 5 V.I.C. § 112 AND V.I. R. CIV. PRO 12(A)(1)(B) AND TITLE 5 V.I.C. § 4911.

¶10 This summons did not bear the Clerk's signature nor the Court's seal and was not filed with the Court. No affidavit nor other proof of service was filed with the Court. See CMS for Cases Listed on Ct.'s Ex. 1 at 4. On October 31, 2022, this Court grouped all four cases under the instant master. Order Opening Master Case, 10/31/22, CMS # 1.

¶11    During 2022, 2023 and 2024, IMC noted its objection to service of process

regarding the complaints in several documents filed with the Court as follows:

1) October 27, 2022
    In a Stipulation For Extension of Time to Answer and For Stay of
    Litigation, IMC noted, "Insofar as this stipulation is construed as an
    appearance by Defendant VIIMC, it is a special appearance, with all
    rights reserved, including, but not limited to, service and jurisdiction
    defenses, if any." CMS re all cases on Ct.'s Ex. A at 2 - 3 (67 cases),
    10/27/22, Stipulation For Ext. of Time 1 at n 1.

2) February 15, 2023
    In a Joint Status Report filed by the parties, IMC noted "insofar as
    this stipulation is construed as an appearance by Defendant VIIMC,
    it is a special appearance, with all rights reserved in each and every
    case, including, but not limited to, service and jurisdiction defenses if
    any." Joint Status Report 1 at n 1, 02/15/23, CMS # 15 (SX-2022-
    MC-054).

3) August 21, 2024
    In Joint Proposed Scheduling Order, "the Parties agree[d] that IMC
    reserves all right and defenses including to the court's jurisdiction in
    any constituent case under ASC IV and V, if such a case was not
    properly served upon IMC   The Parties agree there is no waiver of
    any such right or defense by IMC as a result of this joint submission."
    Notice of Filing Joint Proposed Scheduling Order, Ex. A (SX-2022-
    MC-054), Omnibus Scheduling Order 1 at n 1; 08/21/24, CMS # 20.

4) September and October 2024
    IMC filed its Answers to Plaintiffs' complaints during September and
    October 2024. Therein it raised the affirmative defense of insufficient
    service of process and lack of jurisdiction including the lack of the
    clerk's signature and the court's seal. Answers re all cases on Ct.'s
    Ex. A at 2 - 4, Affirmative Defenses.

5) October 11, 2024
    In a Stipulated Motion For Extension of Time filed on October 11,
    2024, IMC noted it was filing the motion "without waiver of any
    defense, including defenses to service or jurisdiction that it may have
    in any individual case." Stipulated Mot. for Extension of Time 1 at n

1, 10/11/24, CMS # 24 (SX-2022-MC-054).

6) December 23, 2024

In an Unopposed Motion For Leave to File Brief Exceeding Page and Word Limit, IMC noted "as it has several times in the course of this litigation, VIIMC continues to reserve its right to all defenses in all constituent cases including, but not limited to service, process, and jurisdiction defenses." Unopposed Mot. For Leave to File Br. 1 at n 1; 12/23/24, CMS # 43 (SX-2022-MC-054).

## PROCEDURAL HISTORY

¶12    IMC filed the instant Motion for Judgment on the Pleadings or Alternatively For Summary Judgment on January 8, 2025.   Plaintiffs opposed the motion on February 12, 2025, and IMC replied on February 28, 2025.   On March 11, 2025, this Court issued an order treating IMC's motion as one for summary judgment. The Court held a hearing on the motion on May 5, 2025 and took the matter under advisement.

## APPLICABLE LAW

¶13    Since this Court converted IMC's Motion for Judgment on the Pleadings, summary judgment jurisprudence applies thereto.   Under Virgin Islands law, summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.I.R. Civ. P. 56(a); Machado v. Yacht Haven U.S.V.I., LLC, 61 V.I. 373, 380 (V.I. 2014) (stating summary judgment is not to be granted unless "the

pleadings, discovery, and disclosures of materials on file, and any affidavits show that there is no genuine issue of material fact.). The movant bears the burden of demonstrating the absence of any genuine issue of material fact based upon the record. Aubain v. Kazi Foods of V.I., LLC, 70 V.I. 943, 948 (V.I. 2019) (quoting Brodhurst v. Frazier, 57 V.I. 365, 373 - 74 (V.I. 2012)). The moving party may meet his burden by "pointing out that there is an absence of evidence to support the nonmoving party's case." Id. If this is done, the burden shifts to the non-moving party to demonstrate with affirmative evidence from which a jury might reasonably rule in his favor. Id. Pursuant to the Virgin Islands Supreme Court, "'affirmative evidence' means 'actual evidence' and 'not mere allegations'." Basic Svcs, Inc. v. Govt. of the V.I., 71 V.I. 652, 659 (V.I. 2019). In considering a summary judgment motion, "this Court must view all evidence in the light most favorable to the non-moving party." Id. Here, Plaintiffs are the non-moving parties.

## LEGAL ANALYSIS

¶14    Defendant IMC seeks dismissal of Plaintiffs' complaints on grounds they failed to properly effect service of process on it since: a) the summonses served did not bear the Court's signature nor seal; b) they were not addressed nor served

upon the proper agent for IMC[7]; c) in four of the cases, attempted service did not occur within the requisite 120 days; d) Plaintiffs have not shown good cause for their failure to properly serve process; and e) a discretionary extension of time to serve is unwarranted. Mot. for J. on the Pleadings at 18 – 19; Reply 8. Plaintiffs contend "they fully complied with V.I.R. Civ. P. 4 when serving these cases". Opp'n 14. They set forth several arguments, addressed below, in support of their contention. The parties' dispute raises the following potential issues:

A) Whether service of process was sufficient;

B) Whether IMC waived service of process;

C) Whether Plaintiffs have shown good cause for their failure to effect proper service; and

D) Whether the issuance of a discretionary extension of time to effect service is warranted, if good cause is not shown.

The Court addresses each of these issues and, for the reasons mentioned below, concludes dismissal of Plaintiffs' complaints is warranted.

### 1) Plaintiffs' Service of Process Was Defective.

¶15 Plaintiffs boldly assert they have fully complied with V.I.R. Civ. P. 4 when they served the summonses and complaints herein. Opp'n 14. Rule 4, which governs summons and service of process in the Virgin Islands, provides in

---

[7] The evidence presented, established that the person served, i.e., Todd Newman, is not the official resident agent for service of process on IMC. Nevertheless, he works in the same law firm as the resident agent. The Court thus finds this impropriety as minor, attaches little weight to it as a basis for dismissal and does not address the argument further.

pertinent part:

> (a) **Contents**. A summons shall be in the name of the Superior Court of the Virgin Islands, and it must:
>
> . . .
>
> (6) be signed by the clerk; and
>
> (7) bear the Court's seal.
>
> (b) **Issuance**. On or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal.   If the summons is properly completed, the clerk must sign, seal and issue it to the plaintiff for service upon the defendant.   A separate summons must be issued for each defendant to be served.
>
> . . .
>
> (m) **Proving Service**.
> (1) *Affidavit Required*.   Unless service is waived, proof of service must be made to the court.

V.I.R. Civ. P. 4.   The unrebutted evidence on the record clearly establishes that Plaintiffs woefully failed to comply with the requirements of Rule 4.

¶16   Although the clerk issued "signed and sealed" summonses for all eighty-seven complaints, Plaintiffs did not serve them.   Instead, they served documents, titled "SUMMONS," on September 29, 2022, January 10, 2023, and December 30, 2024, that were unsigned by the clerk and did not bear the court's seal as required by Rule 4(a)(6) and (7).   Further, the documents served bore captions created by Plaintiffs' counsel that do not exist in the Court's filing system [such as "Henry (and 96 others, See Ex. A) v. VIIMC," "George (and 68 others, See Exhibit A) v. VIIMC", and John Clarke, Jacqueline Romer, Kirt Pascal, and Maria Johnson

v VIIMC"] as they were never filed with the Court. Accordingly, these signature/seal-deficient purported summons were void ab initio and incompetent to invoke the Court's personal jurisdiction. Similarly, Plaintiffs' attempted service of such unauthorized deficient summons bore no legal effect. Estate of Skepple v. Bank of Novia Scotia, 69 V.I. 700, 727 (V.I. 2018) (stating "[a]ny attempted service by a method that has not been previously authorized cannot be regarded as effective service, i.e., legal notice, and cannot bring the person within the court's power."). The Court notes that Plaintiffs also failed to comply with Rule 4 by not filing any proof of service as required by V.I.R. Civ. P. 4(m)(1). How, under these circumstances, Plaintiffs conceive the notion that they fully complied with Rule 4 remains a mystery to the Court.[8] Rule 4 is plain and unambiguous. Plaintiffs' attempted service of process was woefully defective.

### 2) IMC Did Not Waive Service of Process.

¶17 Even where service of process is defective, this Court can acquire jurisdiction over a defendant if he voluntarily appears. 5 V.I.C. § 115 (providing "[a] voluntary appearance of the defendant shall be equivalent to personal service of the summons upon him."). Under such circumstances, service of process is considered waived. A defendant may also waive a personal jurisdiction challenge where he submits to the Court's jurisdiction by seeking affirmative relief

---

[8] At the May 5, 2025 hearing, Plaintiffs' counsel switched positions and conceded he did not "technically" comply with the requirements of Rule 4.

(e.g., by requesting "that the court exercise its power to redress an independent wrong that is alleged to have been committed by the opposing litigant."). Pollins v. Feurstein, No. 2020-0099, 2025 V.I. Supreme LEXIS 3, at *22 (V.I. Jan. 24, 2025). Such affirmative relief could take the form of a request to disqualify counsel, strike inflammatory allegations, or award sanctions presented in the motion to dismiss or answer. Id. at 23.

¶18   Here, IMC filed several documents prior to filing its answer, as explained below, wherein they asserted service of process was defective. It subsequently filed answers and again asserted service of process was defective. Under these circumstances its answer is not a voluntary appearance equivalent to personal service of summons or a waiver thereof. See Club Comanche v. Danested Assocs., Civil No. 933/1995, 1997 V.I. LEXIS 33, at * 6 (Terr. Ct. July 11, 1997) (concluding the filing of an answer did not constitute a voluntary appearance under 5 V.I.C. § 115 since the defendant asserted therein that service was insufficient.). A waiver is an intentional relinquishment of a known right or privilege. Morgan v. Sundance, Inc., 596 U.S. 411, 417 (2022); Ubiles v. People of the Virgin Islands, 66 V.I. 572, 586 (V.I. 2017) (citing Johnson v. Zerbst, 304 U .S. 458, 464 (1938)) (stating "[a] waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege."). The multiple assertions by IMC, prior to filing and in its answer, that service of process was defective clearly establishes its intention not to waive the right to challenge service of process. See

Deutsche Bank Nat'l Trust Co. v. Olivier, No. 708329/16, 2019 N.Y. Misc. LEXIS 3828 at * 17 (Sup. Ct. Queens Co., May 22, 2019) (finding no waiver where the defendant filed an answer containing the affirmative defense of lack of personal jurisdiction.). Under Virgin Islands rules, a waiver of such a defense occurs when the defendant fails to make it by motion or include it in a responsive pleading. V.I.R. Civ. P. 12(h)(1)(B). Here, IMC filed the instant motion challenging service of process and included such challenge in its answer. They also did not seek any affirmative relief that may be construed as a submission to this Court's jurisdiction. Accordingly, this Court concludes IMC did not waive its right to challenge service of process.

### 3) Plaintiffs Have Not Shown Good Cause For Their Failure to Effect Proper Service of Process.

¶19 Virgin Islands Civil Rule 4(n) governs motions to dismiss for lack of service. In pertinent part it provides:

> **Time Limits for Service**. If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

V.I.R. Civ. P. 4(n). Here, Plaintiffs have failed to effect service of process within 120 days of filing any of the complaints. This is evident as no proper service has been made to date, and the complaints were filed since 2022 (i.e., over two years ago). The last complaint was filed November 15, 2022. See Ct.'s Ex. 1. Even

considering the five-month stay (i.e., from November 2022 thru Apr. 2023), the 120-day service deadline expired around August 16, 2023 at the latest. Pursuant to Rule 4, this Court must dismiss Plaintiffs' complaints without prejudice unless: a) good cause is shown for the failure to timely serve; or b) a discretionary extension to effect service within a specified time is warranted. Ross v. Hodge, 58 V.I. 292, 310 (V.I. 2013) (stating "absent proper service, a case must be dismissed for lack of personal jurisdiction over the defendant"; and "[e]ven if the court finds that no good cause exists to warrant an extension, the court must at least consider whether any other factors warrant a discretionary extension.").

¶20 Good cause equates to excusable neglect and requires a demonstration of good faith on the part of the party seeking an extension of time to serve and some reasonable basis for noncompliance with the rules. Beachside Assocs., LLC v. Fishman, 53 V.I.700, 713 (V.I. 2010). This Court considers three factors when determining the existence of good cause: 1) reasonableness of the plaintiff's efforts to serve; (2) prejudice to the defendant by lack of timely service; and (3) whether plaintiff moved for an enlargement of time to serve prior to the expiration of the period prescribed by Rule 4. Ghirawoo v. John-Baptiste, 74 V.I. 185, 190 (Super. Ct. 2021); Seaborne V.I. Inc. v. Kurg, No. SX-14-CV-312, 2015 V.I. LEXIS 88, at * 2, (Super. Ct. July 22, 2015); Heyliger v. Caribbean Cinemas, 64 V.I. 143, 147 (Super. Ct. 2016); See also Beautyman v. Laurent, No. 20-1171, 2020 U.S. App. LEXIS 31210, at **6 - **7 (3d Cir. Oct. 1, 2020) (interpreting almost identical

F.R. Civ. P. 4(m)). Plaintiffs' reason for not serving the defendant "within the 120-day period is of paramount importance." Beachside, 53 V.I. at 713; Chiang v. United States SBA, No. 07-2686, 2009 U.S. App. LEXIS 9668, at * 115 (3d Cir. May 4, 2009) (stating "the 'primary focus' in the good cause inquiry is on a plaintiff's reasons for noncompliance with the time limit in the first place.").

¶21 Here, Plaintiffs' efforts to serve process on IMC was far from reasonable. They deliberately executed a shorthand maneuver, to circumvent the unambiguous requirement of Rule 4, by serving a single unauthorized counsel-created summons referencing numerous complaints. Such conduct constituted a flagrant violation of Rule 4 which requires plaintiffs to serve individual summonses issued by the court for each complaint. Plaintiffs provided no basis for such conduct in their opposition. However, at the May 5, 2025 hearing (for the first time), they claim their goal was to not waste the clerk's time or overburden the court. This argument is unavailing for two reasons. First, it definitively establishes that Plaintiffs' conduct was not the result of accident, mistake, or negligence. Instead, it stemmed from a deliberate intention to ignore well established rules of procedure. Second, their efforts spared the court no burden since the clerk had already prepared and issued valid summons for all of the complaints before Plaintiffs' attempted service of the deficient summonses. See Ct.'s Ex. 1 at 2 - 4 (Set 2). Accordingly, the first factor, the reasonableness of Plaintiffs' efforts or reason for not effecting timely service, weighs against a finding

of good cause.

¶22    IMC contends they are prejudiced by Plaintiffs' defective service since this case concerns decades old factual allegations, and each passing year compounds their difficulty in defending the cases. Reply 9.   They claim relevant witnesses pass away and potential third-party defendants may dissolve, go bankrupt or change ownership as recently occurred with the dissolution of St. Croix Basic Services. Id.   The Court recognizes some substance to this argument as time is always a factor, and a finding of good cause coupled with an extension to effect proper service will cause more delays.   The Court notes however that IMC received actual notice of Plaintiffs' complaints years ago when service was attempted.   Accordingly, the Court finds this factor as neutral.

¶24    The third factor weighs against a finding of good cause.   Plaintiffs never sought an extension of time to effect proper service until February 2025 after IMC filed their Motion for Judgment on the Pleadings.   This was two years and four months after IMC first alerted them (in a stipulation for extension of time filed October 27, 2022) that it was raising a service of process defense, and one year nine months after the 120-day period for service expired in August 2023 for the last complaint filed (excluding the two filed in November 2024).

¶25    In sum, none of the factors weigh in favor of finding good cause for an extension.   Even if the prejudice factor was considered to weigh in favor of an extension, "the absence of prejudice alone can never constitute good cause to

excuse late service." Beachside, 53 V.I. at 713. The Court's "primary focus is on the plaintiff's reasons for not complying with the time limit in the first place." Id. (citing MCI Telecomms. Corp. v. Teleconcepts, Inc., 71 F.3d 1068, 1097 (3d Cir. 1995)). Under the circumstances, Plaintiffs have failed to meet their burden to show good cause for their failure to properly serve IMC.

### 4) A Discretionary Extension Of Time Is Not Warranted.

¶26 Plaintiffs contend they are entitled to a discretionary extension of time to perfect service since any violation is a mere technicality and IMC has not been prejudiced. The Virgin Islands Supreme Court has mandated trial courts, in the absence of good cause, to consider whether any additional factors warrant an extension of time to effect proper service. Beachside, 53 V.I. at 716 - 18 (citing Petrucelli v. Bohringer and Ratzinger, 46 F.3d 1298, 1306 (3d Cir. 1995)). In deciding whether to grant a discretionary extension this Court considers several factors as indicated below. Id. at 718 (explaining that in determining the appropriateness of a discretionary extension, courts should consider: whether the statute of limitations would bar the refiled action; and whether the defendant evaded service or concealed a defect in attempted service.)

A) Prejudice to the Defendant

¶27 As explained above in Section 3, the Court finds the prejudice to IMC, resulting from Plaintiffs' defective service, to be minimal. However, there is a separate prejudice that would result from the grant of an extension. As explained

below, a dismissal would end the litigation since the statute of limitations would likely bar the refiling of Plaintiffs' claims. It would in effect be a dismissal with prejudice. The grant of an extension would deny IMC the benefit of such a dismissal thus resulting in prejudice to it.

### B) Expiration of the Statute of Limitations

¶28 Plaintiffs filed their last complaint on November 15, 2022. All of them involve personal injury claims governed by a two-year statute of limitations. 5 V.I.C. § 31(a)(5). Their causes of action would thus have arisen no later than the date of filing the complaints, and the statute of limitations would have expired no later than 2024. It is thus apparent that, if dismissed, Plaintiffs would be barred from refiling their claims. The Court is aware of this consequence and, finds nevertheless that it does not justify an extension of time after consideration of all the factors. See Beachside, 53 V.I. at 716 - 18 (concluding "the trial court may still deny a discretionary extension of time even if the statute of limitations would bar a plaintiff from refiling its claims."), citing Petrucelli, 46 F.3d at 1306.

### C) Evasion of Service by IMC

¶29 Plaintiffs concede there is no evidence IMC evaded service. Opp'n 17. Nevertheless, they argue:

> IMC did wait years after Plaintiffs filed and served these Complaints, providing ample opportunity for IMC to raise any alleged service deficiency long before it filed its answers. Instead, IMC remained silent, engaged in scheduling, and actively participated in this litigation for over two years -- only

> now springing a purely technical objection. Had IMC voiced its
> concern in a timely manner; the parties could have resolved it
> without burdening the Court.

Id. This argument is based on demonstrably false assertions. The record is clear that IMC in fact raised the service deficiency issue long before it filed its answers. It first raised the service deficiency issue on October 27, 2022. IMC again raised the issue five times between January 2023 and December 2024. Under these circumstances, there was no evasion of service or improper silence on the part of IMC.[9]

### D) Concealing a Defect in Attempted Service

¶30 Nothing in the record shows that IMC concealed any defect in Plaintiffs' attempted service. To the contrary they revealed the defect many times as related above.

### E) Promptness In Requesting An Extension

¶31 IMC first put Plaintiffs on notice of a potential service deficiency on October 27, 2022 through a footnote in a Stipulated Motion for Extension of time filed in all sixty-seven service-challenged cases filed by that date. At that time, the 120-day period for service of process had not yet expired in sixty-six of them. See Ct.'s Ex. 1 at 2 - 3. For the next two years it noted its objection to service of process on

---

[9] The Court further notes there has been no extensive litigation in this matter. No dates were set regarding the litigation until issuance of a case management order on January 28, 2025, after IMC filed the instant motion.

five occasions in the instant master wherein almost all of the cases considered herein were grouped. Yet, Plaintiffs failed to seek an extension. Their belated request, after IMC filed its motion for judgment on the pleadings, was not prompt.

### F) Actual Notice

¶32 The only factor that arguably mitigates in favor of an extension is that IMC received actual notice of Plaintiffs' complaints. The Virgin Islands Supreme Court, however, has made clear that 'constructive service without authorization is not legal notice; instead, attempts at such service are regarded as if no attempt was made to achieve service." Skepple, 69 V.I. at 735. Although Plaintiffs' attempted service gave actual notice, it was "not effective to allow a court to exercise power over a person." Id.

### G) Plaintiffs' Reason For Not Effecting Proper Service

¶33 This Cout heavily weighs Plaintiffs' reasons for not timely effecting proper service. As noted above, Plaintiffs, at the May 5, 2025 hearing, claimed their reason for not following Rule 4 was to spare the burden on the court clerks. As commendable as this goal may be, it is seriously undermined when one considers Plaintiffs' rationale.

¶34 To achieve Plaintiffs' purported intent, one would expect counsel to have filed the "burden saving" summary summonses with the clerk to be signed and sealed. Instead, counsel filed the normal single summons in each of the eighty-seven cases. The clerk then signed, sealed, and issued all of them. A month

or more later, counsel then served the three unauthorized summary summonses on IMC and never filed them with the Court. How this procedure could have saved court time defies logic as the clerk had already prepared the summonses.

¶35 Plaintiffs' counsel further argued that every modern court, at least post 2010, falls on the side that a signed and sealed summons with a modern electronic docket is anachronistic; and that he complied with the common practice across the United States. [10] Although he did not comply with Rule 4, he contended, it was just a technical defect. In other words, counsel unilaterally chose to ignore Virgin Islands rules, which he deems antiquated, and follow foreign jurisprudence. This Court will not condone a trend that permits lawyers to choose to follow foreign (so called "modern") jurisprudence over clear and unambiguous Virgin Islands rules when it suits them. Such is a dangerous practice that abrogates the purpose of order for which rules are promulgated; and is blatantly insulting. The Virgin Islands Supreme Court, not lawyers, regulates the rules of practice for Virgin Islands courts.

¶36 Having considered the above factors, this Court finds no reasonable basis to grant a discretionary extension of time to effect proper service. The defective service did not stem from technical error, accident, or negligent conduct. Plaintiffs' counsel knew or should have known of the potential consequences of

---

[10] Counsel made these statements at the May 5, 2025 hearing.

serving unauthorized summonses and chose to do so anyway. Such conduct mitigates against awarding them an extension of time to effect proper service. Accordingly, this Court, having considered the totality of circumstances, declines to issue a discretionary extension of time to effect proper service. See Lawrence v. Clarke, No. SX-14-CV-314, 2015 V.I. LEXIS 142, at * 7 (Super. Ct. Dec. 15, 2015) (dismissing complaint for failure to timely serve where the plaintiff was on notice of the risk of dismissal and the statute of limitations barred refiling).

## CONCLUSION

¶37  Having considered the evidence presented, this Court finds that there is no genuine issue of material fact concerning the issues raised by IMC's motion for summary judgment. For the reasons stated above, the Court further concludes that: 1) Plaintiffs have failed to meet their burden to prove, by a preponderance of the evidence, that service of process was valid and hence have not properly invoked this Court's jurisdiction over it. Skepple , 69 V.I. at 731 ; 2) IMC did not waive this Court's personal jurisdiction over it; 3) Plaintiffs have failed to show good cause to warrant an extension of time to effect proper service; and 4) under the circumstances, a discretionary extension of time to serve is not warranted.

¶38  As explained at the beginning of this opinion, the Court will: 1) strike IMC's motion to the extent it challenges cases not grouped under the instant master case; and 2) deny, as moot, IMC's motion to the extent it applies to cases already

dismissed, i.e., 22-290, 2-511, 22-551, 22-553 and 22-555.    An order consistent

herewith will be entered contemporaneously.


DATE: June 11, 2025

ALPHONSO G. ANDREWS, JR.
Superior Court Judge


ATTEST:

TAMARA CHARLES
Clerk of the Court

COURT CLERK III

6/11/2025
DATE

# IN RE ASCD V CLAIMS (Secondary)
# COURT EXHIBIT 1
# DOCKET CHART FOR 2022-MC-054 (92 Cases)[1]

| CASE NUMBER | COMPLAINT FILED | SUMMONS ISSUED | SERVICE ATTEMPTED | ANSWER FILED | IMC's EX. NO. |
|---|---|---|---|---|---|
| | | | **SET 1 (5 Cases)** | | |
| 22-290 | 08/02/22 | Dismissed 03/05/25 | | | J |
| 22-511 | 11/11/22 | Dismissed 04/30/25 | | | K |
| 22-551 | 11/15/22 | Dismissed 04/30/25 | | | K |
| 22-553 | 11/14/22 | Dismissed 04/30/25 | | | K |
| 22-555 | 11/15/22 | Dismissed 04/30/25 | | | K |

---

[1] The dates of filing the complaints, issuance of summons and filing of answers were derived from the CMS for the individual cases listed that are grouped under Master Case SX-2022-MC-054. The dates of attempted service were derived from IMC's Exhibits J, K and M attached to their Motion for Judgment on the Pleadings.

1

## SET 2 (87 Cases)

| CASE NUMBER | COMPLAINT FILED | SUMMONS ISSUED | SERVICE ATTEMPTED | ANSWER FILED | IMC's EX. NO. |
|---|---|---|---|---|---|
| 22-182 | 05/26/22 | 05/27/22 | 09/29/22 | 10/03/24 | J |
| 22-283 | 08/02/22 | 08/03/22 | 09/29/22 | 10/03/24 | J |
| 22-285 | 08/02/22 | 08/03/22 | 09/29/22 | 10/03/24 | J |
| 22-286 | 08/02/22 | 08/03/22 | 09/29/22 | 10/03/24 | J |
| 22-288 | 08/02/22 | 08/03/22 | 09/29/22 | 10/03/24 | J |
| 22-289 | 08/02/22 | 08/03/22 | 09/29/22 | 10/03/24 | J |
| 22-291 | 08/02/22 | 08/03/22 | 09/29/22 | 10/03/24 | J |
| 22-292 | 08/02/22 | 08/03/22 | 09/29/22 | 10/03/24 | J |
| 22-293 | 08/02/22 | 08/03/22 | 09/29/22 | 10/03/24 | J |
| 22-294 | 08/02/22 | 08/03/22 | 09/29/22 | 10/03/24 | J |
| 22-296 | 08/02/22 | 08/03/22 | 09/29/22 | 10/29/24 | J |
| 22-297 | 08/03/22 | 08/03/22 | 09/29/22 | 10/29/24 | J |
| 22-298 | 08/03/22 | 08/03/22 | 09/29/22 | 10/03/24 | J |
| 22-306 | 08/08/22 | 08/08/22 | 09/29/22 | 10/03/24 | J |
| 22-307 | 08/08/22 | 08/08/22 | 09/29/22 | 10/03/24 | J |
| 22-308 | 08/08/22 | 08/08/22 | 09/29/22 | 10/03/24 | J |
| 22-309 | 08/08/22 | 08/08/22 | 09/29/22 | 10/01/24 | J |
| 22-310 | 08/08/22 | 08/08/22 | 09/29/22 | 01/24/25 | J |
| 22-311 | 08/08/22 | 08/08/22 | 09/29/22 | 10/03/24 | J |
| 22-312 | 08/08/22 | 08/08/22 | 09/29/22 | 10/03/24 | J |
| 22-315 | 08/08/22 | 08/08/22 | 09/29/22 | 10/03/24 | J |
| 22-316 | 08/08/22 | 08/08/22 | 09/29/22 | 10/03/24 | J |
| 22-317 | 08/08/22 | 08/08/22 | 09/29/22 | 10/03/24 | J |
| 22-318 | 08/05/22 | 08/08/22 | 09/29/22 | 10/03/24 | J |
| 22-319 | 08/05/22 | 08/08/22 | 09/29/22 | 10/03/24 | J |
| 22-320 | 08/05/22 | 08/08/22 | 09/29/22 | 10/03/24 | J |
| 22-322 | 08/08/22 | 08/10/22 | 09/29/22 | 10/03/24 | J |
| 22-324 | 08/06/22 | 08/10/22 | 09/29/22 | 10/03/24 | J |
| 22-325 | 08/06/22 | 08/10/22 | 09/29/22 | 10/03/24 | J |
| 22-326 | 08/06/22 | 08/10/22 | 09/29/22 | 10/03/24 | J |
| 22-327 | 08/06/22 | 08/10/22 | 09/29/22 | 10/03/24 | J |
| 22-328 | 08/05/22 | 08/10/22 | 09/29/22 | 10/03/24 | J |
| 22-329 | 08/05/22 | 08/10/22 | 09/29/22 | 10/03/24 | J |
| 22-330 | 08/05/22 | 08/10/22 | 09/29/22 | 10/03/24 | J |

| CASE NUMBER | COMPLAINT FILED | SUMMONS ISSUED | SERVICE ATTEMPTED | ANSWER FILED | IMC's EX. NO. |
|---|---|---|---|---|---|
| 22-332 | 08/05/22 | 08/10/22 | 09/29/22 | 10/03/24 | J |
| 22-333 | 08/05/22 | 08/10/22 | 09/29/22 | 10/03/24 | J |
| 22-334 | 08/05/22 | 08/10/22 | 09/29/22 | 10/03/24 | J |
| 22-335 | 08/05/22 | 08/10/22 | 09/29/22 | 10/03/24 | J |
| 22-336 | 08/05/22 | 08/10/22 | 09/29/22 | 10/03/24 | J |
| 22-337 | 08/05/22 | 08/10/22 | 09/29/22 | 10/03/24 | J |
| | | | | | |
| 22-340 | 08/05/22 | 08/10/22 | 09/29/22 | 10/03/24 | J |
| 22-341 | 08/05/22 | 08/10/22 | 09/29/22 | 10/03/24 | J |
| 22-343 | 08/05/22 | 08/11/22 | 09/29/22 | 10/03/24 | J |
| 22-344 | 08/06/22 | 08/11/22 | 09/29/22 | 10/03/24 | J |
| 22-345 | 08/06/22 | 08/11/22 | 09/29/22 | 10/03/24 | J |
| 22-347 | 08/06/22 | 08/11/22 | 09/29/22 | 10/03/24 | J |
| 22-349 | 08/09/22 | 08/11/22 | 09/29/22 | 10/03/24 | J |
| 22-350 | 08/09/22 | 08/11/22 | 09/29/22 | 10/03/24 | J |
| 22-355 | 08/09/22 | 08/11/22 | 09/29/22 | 10/03/24 | J |
| 22-357 | 08/09/22 | 08/11/22 | 09/29/22 | 10/03/24 | J |
| | | | | | |
| 22-361 | 08/09/22 | 08/12/22 | 09/29/22 | 10/03/24 | J |
| 22-363 | 08/10/22 | 08/12/22 | 09/29/22 | 10/03/24 | J |
| 22-365 | 08/10/22 | 08/12/22 | 09/29/22 | 10/03/24 | J |
| 22-368 | 08/10/22 | 08/12/22 | 09/29/22 | 10/03/24 | J |
| 22-370 | 08/10/22 | 08/12/22 | 09/29/22 | 10/03/24 | J |
| 22-371 | 08/10/22 | 08/12/22 | 09/29/22 | 10/03/24 | J |
| 22-373 | 08/11/22 | 08/12/22 | 09/29/22 | 10/03/24 | J |
| 22-374 | 08/11/22 | 08/12/22 | 09/29/22 | 10/03/24 | J |
| 22-375 | 08/11/22 | 08/12/22 | 09/29/22 | 10/03/24 | J |
| 22-376 | 08/11/22 | 08/12/22 | 09/29/22 | 10/03/24 | J |
| | | | | | |
| 22-381 | 08/08/22 | 08/17/22 | 09/29/22 | 10/03/24 | J |
| 22-383 | 08/08/22 | 08/17/22 | 09/29/22 | 10/03/24 | J |
| 22-385 | 08/08/22 | 08/17/22 | 09/29/22 | 10/03/24 | J |
| 22-391 | 08/11/22 | 08/17/22 | 09/29/22 | 10/03/24 | J |
| 22-392 | 08/11/22 | 08/17/22 | 09/29/22 | 10/03/24 | J |
| 22-394 | 08/11/22 | 08/17/22 | 09/29/22 | 10/03/24 | J |
| 22-395 | 08/11/22 | 08/17/22 | 09/29/22 | 10/03/24 | J |

| CASE NUMBER | COMPLAINT FILED | SUMMONS ISSUED | SERVICE ATTEMPTED | ANSWER FILED | IMC's EX. NO. |
|---|---|---|---|---|---|
| 22-465 | 10/04/22 | 10/05/22 | 01/10/23 | 10/03/24 | K |
| 22-466 | 10/04/22 | 10/05/22 | 01/10/23 | 10/03/24 | K |
| 22-509 | 11/11/22 | 11/14/22 | 01/10/23 | 10/03/24 | K |
| 22-519 | 11/11/22 | 11/15/22 | 01/10/23 | 10/03/24 | K |
| 22-528 | 11/14/22 | 11/15/22 | 01/10/23 | 10/03/24 | K |
| 22-535 | 11/14/22 | 11/16/22 | 01/10/23 | 10/03/24 | K |
| 22-540 | 11/14/22 | 11/16/22 | 01/10/23 | 10/03/24 | K |
| 22-543 | 11/14/22 | 11/16/22 | 01/10/23 | 10/03/24 | K |
| 22-545 | 11/14/22 | 11/16/22 | 01/10/23 | 10/03/24 | K |
| 22-556 | 11/14/22 | 11/17/22 | 01/10/23 | 10/03/24 | K |
| 22-559 | 11/15/22 | 11/17/22 | 01/10/23 | 10/03/24 | K |
| 22-560 | 11/15/22 | 11/17/22 | 01/10/23 | 10/03/24 | K |
| 22-564 | 11/15/22 | 11/18/22 | 01/10/23 | 01/13/25 | K |
| 22-566 | 11/15/22 | 11/18/22 | 01/10/23 | 10/03/24 | K |
| 22-570 | 11/15/22 | 11/18/22 | 01/10/23 | 02/03/23 | K |
| 22-574 | 11/15/22 | 11/21/22 | 01/10/23 | 10/03/24 | K |
| 22-352 | 08/09/22 | 08/11/22 | 12/30/24 | NONE | M |
| 22-353 | 08/09/22 | 08/11/22 | 12/30/24 | NONE | M |
| 22-358 | 08/09/22 | 08/11/22 | 12/30/24 | NONE | M |
| 22-372 | 08/10/22 | 08/12/22 | 12/30/24 | NONE | M |